IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CENTRAL LABORERS' PENSION WELFARE AND ANNUITY FUNDS,  )<br>)<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>UNITED PETROLEUM SERVICE and  )<br>TERRY SMITH, individually,  )<br>)<br>Defendants.  ) | Case No. 22-CV-1518-SMY |

## ORDER AND JUDGMENT OF DEFAULT

This matter is before the Court on Plaintiff's motion for entry of default judgment (Doc. 45). Plaintiff filed the instant action against Defendants United Petroleum Service ("UPS") and Terry Smith on July 14, 2022, pursuant to the Employee Retirement Income Security Act of 1974 (Doc. 1). Plaintiff alleges the defendants failed to pay contributions to Plaintiff for employees of Defendants pursuant to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund.

Defendants were served with a copy of the summons and Complaint on July 21, 2022 (Docs. 5 and 6). UPS retained counsel who entered his appearance on August 19, 2022 (Doc. 7) and filed an Answer on UPS's behalf on September 19, 2022 (Doc. 10). Defendant Terry Smith never filed an appearance or responsive pleading in this action.

A default was entered against Terry Smith on August 15, 2023 (Doc. 26). UPS's attorney was granted leave to withdraw on August 14, 2023, and UPS was ordered to have substitute counsel enter an appearance within 21 days. (Doc. 23). Defendant United Petroleum Service was

ordered to file a substitute appearance within 21 days. No substitute appearance of counsel was filed on behalf of UPS, and a default was entered against it on September 6, 2023 (Doc. 29).

Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do may be found in default under Federal Rule of Civil Procedure 55(a). It is in the district court's discretion whether to enter default judgment. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989).

When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations in the Complaint relating to the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). The court may conduct hearings when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

Here, Plaintiff seeks the following damages on default totaling $10,111.87:

    a. $3,687.84 for delinquent contributions;

    b. $368.78 for liquidated damages associated with the audit;

    c. $975.00 for audit costs; and,

    d. $5,080.25 in reasonable attorneys' fees and reimbursement of costs and expenses.

(Doc. 1, Doc. 45-1, Doc. 45-2).

The Court finds that these damages on default are ascertainable without the necessity of a hearing.

Accordingly, Plaintiff's motion for default judgment (Doc. 45) is **GRANTED.** Default Judgment is entered in favor of Plaintiff Central Laborers' Pension, Welfare & Annuity Funds and against Defendants United Petroleum Service and Terry Smith in the amount of $10,111.87. The Clerk of Court is **DIRECTED** to enter Judgment accordingly and close the case.

**IT IS SO ORDERED.**

**DATED: July 8, 2024**

**STACI M. YANDLE**
**United States District Judge**